FILED
CLERK

2/17/2016 2:31 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
2/17/2016 2:31 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

------------------------------------------------------------X

CLIFTON KARJOHN,

                Petitioner,

    -against-                                     12-CV-5279 (SJF)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

**ORDER SETTING *CAMPUSANO* HEARING**

FEUERSTEIN, District Judge:

I.    Introduction

Petitioner Clifton Karjohn ("Petitioner") moves this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ("§ 2255 Motion"; *see* ECF No. 1.) The United States of Americas (hereafter, the "Government") objects. (*See* ECF No. 4.) For the reasons that follow, the Court shall conduct a *Campusano* hearing. *See Campusano v. United States*, 442 F.3d 770, 777 (2d Cir. 2006).

II.    Background

    *A. Petitioner's Criminal Case,[1] Plea, and Sentencing*

Following a 2002 Ohio State conviction for trafficking marijuana and serving a four (4)-year sentence, on March 26, 2006, the Petitioner, a Jamaican national, was deported to Jamaica. In December 2010, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents in Farmingdale, New York, after agents observed him participating in a narcotics

---

[1] Petitioner's criminal case is 2:11-cr-92 (hereafter, "Criminal Case").

1

transaction. ICE agents subsequently determined that Petitioner had been deported previously from the Untied States after a felony conviction and was in the United States without permission. Thereafter, Petitioner was charged with Illegal Reentry, in violation of 8 U.S.C. § 1326(a). (*See* Criminal Case, ECF No. 1.) A grand jury returned a single-count indictment charging Petitioner with Illegal Reentry, in violation of 8 U.S.C. § 1326(a) & (b)(1). Petitioner was arraigned on the indictment. (*See* Criminal Case, ECF No. 3.)

On March 29, 2011, the Petitioner pled guilty to the single-count indictment, without entering into a proposed plea agreement. (*See* Criminal Case, ECF No. 7.) During his plea colloquy, Petitioner affirmed, *inter alia*, that he understood that he could not appeal his conviction, but could appeal his sentence if he believed the Court imposed it illegally. (*See* ECF 4, Exh. 5 at 9-10 (not filed electronically).) At the plea hearing, Petitioner was represented by Tracey Gaffey, Esq. (hereafter, "Defense Counsel"), with whose representation, he informed the Court, he was satisfied. (*See id.* at 5.)

However, before being sentenced, Petitioner filed a letter motion with the Court requesting Defense Counsel be replaced claiming that he did not have confidence in her representation of him and new counsel was necessary for his best interest to be represented. (*See* Criminal Case, ECF No. 9.) The Court denied Petitioner's letter motion. (*See* Criminal Case, ECF No. 10.)

Defense Counsel requested and was granted a forty-five (45)-day adjournment to enable her to review the Presentencing Report with Petitioner, to which the Petitioner did not object (*see* ECF 4, Exh. 8 at 2 (not filed electronically)); the Petitioner was sentenced on November 8, 2011, to forty-one (41) months' imprisonment followed by three (3) years of supervised release. (*See*

Criminal Case, ECF No. 12.) No notice of appeal was filed; therefore, neither was an *Anders*[2] brief filed.

   B. *Petitioner's § 2255 Motion*

On October 15, 2012, Petitioner commenced this action pursuant to 28 U.S.C. § 2255, claiming: (1) ineffective assistance of counsel based on Defense Counsel not filing a notice of appeal despite allegedly being directed to do so; (2) ineffective assistance of counsel based on Defense Counsel not objecting to the imposition of a term of supervised release; and (3) "equitable considerations"of a then not-yet-implemented "fast track" program. In support of his first claim, Petitioner requested an evidentiary hearing. (*See* ECF No. 1 at 5.) He supported his § 2255 Motion with a sworn affidavit. (*See id.* at 12-13.)

On November 16, 2012, the Court issued an order for the Government to show cause why a writ of habeas corpus should not be issued.[3] (*See* ECF No. 2.) On December 4, 2012, the Government filed opposition ("Opposition"; *see* ECF No. 4), to which the Petitioner filed a response on January 2, 2013. ("Response"; *see* ECF No. 5.)[4] In addition to hearing transcripts of

---

   [2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). "*Anders* requires that [defense] counsel submit a brief to the court and to the defendant, requesting withdrawal but 'referring to anything in the record that might arguably support the appeal.'" *Campusano*, 442 F.3d at 774.

   [3] Thereafter, on November 19, 2012, the Pro Se Office issued an informational letter to the Petitioner, which stated, among other things, "[*I*]*t is your duty to* prosecute your case, and *keep this office informed of any change of address. Failure to do so may result in your case being dismissed* for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). For your convenience, a change of address form is enclosed." (ECF No. 3 (indicating "Change of Address Form" was an enclosure; emphasis added).)

   [4] The Court notes that in a July 29, 2013 letter the Petitioner filed with the Court inquiring about the status of his Petition, he stated, *inter alia*, that his release date was November 27, 2013. (*See* ECF No. 6. at 1-2.) Since then: (1) the Court has not received any

Petitioner's plea hearing, sentencing hearing, and other documents, the Government supported its opposition with the Affidavit of Defense Counsel.  (*See* ECF No. 4, Exh. 12 (Gaffey Declaration) (not filed electronically).)  Significantly, the Government acknowledges that "as a threshold matter . . . the Court should determine whether or not the [P]etitioner explicitly instructed his attorney to file an appeal of his sentence. . . .  If the Court determines that the [P]etitioner carried his burden and therefore was prejudiced by his attorney's alleged failure to notice an appeal, the Court should simply reinstate the [Petitioner]'s right to appeal." (ECF No. 4 at 6 (internal citation omitted).)  It asks this Court to do so without holding a testimonial hearing.  (*See id.* at 7.)

III. Discussion

> In *Flores-Ortega*, the Supreme Court applied the *Strickland*[5] test to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. [*Roe v. Flores-Ortega*,] 528 U.S. [470,] 476-77 [(2000)].  The *Flores-Ortega* Court held that a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable, *id.* at 477, . . . and that where counsel's error leads to "the forfeiture of a proceeding itself,"

---

correspondence from the Petitioner; (2) no Change of Address Form has ever been filed; and (3) the Petitioner has not otherwise apprised the Court of his current whereabouts or contact information.  (*See* Case Docket.)  Moreover, subsequent Court orders sent to the Petitioner at his address of record have been returned as undeliverable.  (*See* ECF No. 10 ("Mail Returned as Undeliverable", "Marked as: Return to Sender/Not Deliverable as Addressed/Unable to Forward"); ECF No. 12 ("Mail Returned as Undeliverable, inmate not here[,] return to sender").)  *Cf., Alomar v. Recard*, No. 07-cv-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) ("The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'")(quoting *Handlin v. Garvey*, No. 91-cv-6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); *see also supra* note 3.

  5  *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

4

> prejudice will be presumed, *id.* at 483-84 . . . " 'When counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit.' " *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28, 119 S. Ct. 961, 143 L. Ed.2d 18 (1999) (internal brackets omitted)).

*Campusano v. United States*, 442 F.3d 770, 773 (2d Cir. 2006). Given the Supreme Court's *Flores-Ortega* ruling and the Second Circuit's prior ruling in *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000), which required the filing of an *Anders* brief when a represented defendant executed a waiver of appeal but then filed his own *pro se* appeal, the *Campusano* Court held "that where counsel does not file a requested notice of appeal and fails to file an adequate *Anders* brief, courts may not dismiss the hypothetical appeal as frivolous on collateral review." *Campusano*, 442 F.3d at 775 (further citation omitted). Moreover, since the Second Circuit "take[s] very seriously the need to make sure that defendants are not unfairly deprived of the opportunity to appeal," *id.* at 775, it "require[s] the district court to hold a hearing without assessing the merits of the requested appeal," *id.* at 776, "to determine whether [a petitioner] in fact instructed his attorney to file an appeal." *Id.* at 777. *See also Ramos v. United States*, No. 06-cv-5815 (TPG)(LMS), 2011 WL 7112622, *5 (S.D.N.Y. Nov. 16, 2011, *report and recommendation adopted by* 2012 WL 273470 (Jan. 27, 2012) ("If counsel has not filed an *Anders* brief, and the defendant has claimed that he or she asked counsel to file a notice of appeal, the presiding district court must conduct an evidentiary hearing to determine whether the defendant requested that counsel file a notice of appeal.")(citing *Campusano*, 442 F.3d at 776).

Thus, given contradictory declarations of Petitioner and Defense Counsel regarding Petitioner's alleged request to file an appeal, and in the absence of an *Anders* brief, the Court will hold an evidentiary hearing limited to the issue of whether Petitioner instructed Defense Counsel to file a notice of appeal.

IV. **SPECIAL NOTICE**

**PETITIONER IS ADVISED THAT HIS FAILURE TO ATTEND THE EVIDENTIARY HEARING IN COMPLIANCE WITH THIS ORDER, OR OTHERWISE COMMUNICATE WITH THE COURT BY THE EVIDENTIARY HEARING DATE, WILL RESULT IN THIS ACTION BEING DISMISSED, WITHOUT PREJUDICE, PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO PROSECUTE.**

*See, e.g.*, *Mercedes v. New York Dep't of Corrections*, No. 12-cv-2293, 2013 WL 6153208, at * 2 (S.D.N.Y. Nov. 21, 2013) (in a § 1983 action, finding that where a *pro se* litigant fails to keep court apprised of his current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute"); *see also Bernard v. Romen*, No. 11-cv-6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), *report and recommendation adopted by* 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012) (same); *Austin v. Lynch*, No. 10-cv-7534, 2011 WL 5924378, at * 2, slip op. (S.D.N.Y. Nov. 29, 2011) ("[D]ismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached.").

V.　Conclusion

IT IS ORDERED that Petitioner, the Government, and Defense Counsel shall appear on **April 6, 2016, at 11:15 a.m.** (the "Evidentiary Hearing"), in Courtroom 1010 before the undersigned at the Central Islip Courthouse, located at 100 Federal Plaza, Central Islip, New York 11722 prepared to present evidence at the Evidentiary Hearing to determine whether Petition instructed Defendant Counsel to file an appeal.

IT IS FURTHER ORDERED that pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this Order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

**SO ORDERED**.

_____
Sandra J. Feuerstein
United States District Judge

Dated:　February 17, 2016
　　　　Central Islip, New York